The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| JAMES E. MARCHIONE, | ) |
| | ) CASE NO. 08-63621 |
| Debtor. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

Now before the Court is the Chapter 13 Trustee's motion to impose sanctions on the debtor's attorney, Edward S. Lake.[1]

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

---

[1] Sanctions are imposed by the Court's own initiative under Rule 9011(b)(1)(B) to the extent that service of the Trustee's motion does not comply with Federal Rule of Bankruptcy Procedure 9011(b)(1)(A).

1

## BACKGROUND

Debtor filed his petition on October 29, 2008. The Court denied confirmation of the debtor's plan on May 4, 2009 and gave the debtor twenty days to file an amended plan. The debtor failed to file an amended plan, and the Court dismissed the case on June 6, 2009.

On June 10, 2009, the debtor filed a motion to vacate the dismissal of the case on the basis that the debtor would file a new plan that complied with the Trustee's requests. The Court granted the motion to vacate dismissal, and the case was reinstated on July 6, 2009.

Once again, the debtor did not file an amended plan, and, on September 15, 2009, the Trustee filed a motion to vacate the order reinstating the case or sanction Edward S. Lake in the amount of $750. A hearing was held on October 21, 2009. At the hearing, the Court denied the Trustee's motion to vacate the order reinstating the case and gave the parties until November 4, 2009 to submit briefs on the issue of sanctions.

The Trustee filed her brief on November 4, 2009. In her brief, the Trustee argues that Edward S. Lake should be sanctioned for his failure to file an amended plan and for creating unnecessary work for the Court and the Trustee. Mr. Lake did not file a brief.

## LAW AND ANALYSIS

On May 6, 2008, the Court issued Administrative Order 08-05 regarding the allowance of attorney's fees in Chapter 13 cases. Section 11 of this Order states that "the Chapter 13 Trustee is encouraged to comment on fees for attorneys engaging in action or inaction resulting in delay, unnecessary work, abuse of process, failing to provide complete, competent or timely representation, or other such matters as appropriate." This language reflects the Court's desire to encourage attorneys to provide competent representation for their clients by deterring lazy, substandard or abusive practices through the use of sanctions. Additionally, the Court wishes to discourage attorneys from creating needless work for the Court and the Trustee.

The Court has the power to reduce attorney fees under 11 U.S.C. § 329, which provides that "if [attorney] compensation exceeds the reasonable value of . . . services, the Court may . . . order the return of any such payment to the extent excessive . . . ." The debtor's attorney bears the burden of justifying his fee request. In re Williams, 357 B.R. 434, 439 (B.A.P. 6th Cir. 2007).

The Court also has the power to issue sanctions under Federal Rule of Bankruptcy Procedure 9011. Rule 9011 provides in pertinent part:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

2

information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Furthermore, the Court can issue sanctions under its inherent powers. The Court has the "inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991).

By his conduct in this case, Edward S. Lake has failed to protect his client's interests. He allowed his client's case to be dismissed because he did not file an amended plan after the Court denied confirmation. In addition, he risked a second dismissal of his client's case by again failing to file an amended plan.

Edward S. Lake has also created needless work for the Trustee and the Court in the form of unnecessary orders, motions, and hearings. Remarkably, he did not even bother to respond to the Trustee's motion for sanctions. If he did not wish to contest the imposition of sanctions, he could have told the Court or the Trustee. By doing so, he would have saved the Trustee the time and expense involved in writing a five-page legal brief, and he would have saved the Court the time spent in writing this opinion. If the reader begins to detect a pattern here, he is not alone.

Furthermore, the Court finds that at least some of Edward S. Lake's misconduct was willful. Mr. Lake's motion to reinstate the bankruptcy case specified that he would file an amended plan. Therefore, the Court concludes that he was actually aware of his obligation to file an amended plan and willfully neglected to do so. In addition, Edward S. Lake attended a hearing at which the Court informed the parties of a briefing schedule on this issue that was later memorialized in an order. He did nothing, necessitating further unnecessary work.

Therefore, the Court grants the Chapter 13 Trustee's motion to sanction Edward S. Lake in the amount of seven hundred and fifty dollars ($750.00) pursuant to 11 U.S.C. § 329, Federal Rule of Bankruptcy Procedure 9011 and the Court's inherent power. Accordingly, Edward S. Lake's fees are hereby reduced by seven hundred and fifty dollars.

An order will be issued simultaneously with this opinion.

#   #   #

**Service List:**

James E Marchione
7330 Hoverland Ave, NW
Massillon, OH 44646

Edward S Lake
Rauser and Associates
401 W. Tuscarawas Street
Suite #400
Canton, OH 44702

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702